**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4735**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AZHAUN JAMAH RIVENS,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:15-cr-00113-LCB-1)

Submitted: August 12, 2016      Decided: August 16, 2016

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Azhaun Jamah Rivens pled guilty, pursuant to a plea agreement, to being a felon in possession of firearms, under 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (2012), and was sentenced to 37 months of imprisonment. On appeal, counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issue: whether Rivens' sentence was reasonable. Rivens was informed of his right to file a pro se supplemental brief, but has failed to do so. We affirm.

We review any criminal sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir. 2012). The district court properly calculated Rivens' advisory Sentencing Guidelines range, discussed some of the 18 U.S.C. § 3553(a) (2012) factors, and adequately explained its within—Guidelines range sentence. Thus, we find that Rivens' sentence was procedurally and substantively reasonable. See United States v. Carter, 564 F.3d 325, 328-29 (4th Cir. 2009).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We note that Rivens knowingly and voluntarily plead guilty in a hearing that complied with Fed. R. Crim. P. 11. See United

2

States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Because Rivens did not seek to withdraw his plea, we review the issue for plain error, see United States v. Sanya, 774 F.3d 812, 815-16 (4th Cir. 2014), and find none. Thus, we affirm Rivens' conviction and sentence.

This court requires that counsel inform Rivens, in writing, of the right to petition the Supreme Court of the United States for further review. If Rivens requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rivens. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED